IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-548-FL

| | |
|---|---|
| LAURA G. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the parties' cross-motions for judgment on the pleadings. (DE 18, 24). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court declines to adopt the M&R, grants plaintiff's motion, denies defendant's motion, and remands to defendant for further proceedings.

**BACKGROUND**

On December 15, 2013, plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning May 1, 2011. The claims were denied initially and upon reconsideration. Plaintiff requested hearing before an administrative law judge ("ALJ"), who, after hearing September 29, 2016, denied plaintiff's claims by decision entered November 1, 2016. Following the ALJ's denial of her application, plaintiff timely filed a request for review before the Appeals Council. The Appeals Council denied plaintiff's request on

August 29, 2017, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed this action seeking judicial review.

## DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)). "[R]emand is appropriate where an ALJ fails to discuss relevant

2

evidence that weighs against his decision." Ivey v. Barnhart, 393 F.Supp.2d 387, 390 (E.D.N.C. 2005) (citing Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since August 15, 2009. (Transcript of the Record ("Tr.") 22). At step two, the ALJ found that plaintiff had the following severe impairments: depressive disorder versus major depressive disorder, recurrent, severe; anxiety disorder; hypertension, poor controlled; and diabetes mellitus. (Tr. 22). At step three, the ALJ determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations. (Tr. 23).

Before proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform work at all exertional levels but with the following nonexertional limitations:

> occasionally climb ladders and scaffolds; frequently climb ramps and stairs; frequently balance; avoid concentrated exposure to hazardous machinery and unprotected heights; work would be limited to simple and routine tasks with only occasional changes in the work setting; work in a low stress job, which is defined as having no fixed production quotas; no interaction with the public; and only occasional interaction with coworkers.

(Tr. 25).

At step four, the ALJ concluded plaintiff was unable to perform any past relevant work. (Tr. 29). At step five, the ALJ determined that jobs exist in the national economy that plaintiff can perform. (Tr. 29). Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act. (Tr. 30).

B.  Analysis

4

Plaintiff objects to several of the M&R's findings regarding the ALJ's assessment of plaintiff's symptoms, the ALJ's determination of plaintiff's RFC, and the ALJ's failure to reconcile inconsistencies between vocational expert ("VE") testimony and the Dictionary of Occupational Titles ("DOT"). The magistrate judge issued his M&R on February 11, 2019. Since entering M&R, the Fourth Circuit designated Thomas v. Berryhill a published opinion, making it binding precedent on this court. See 916 F.3d 307, 309 (4th Cir. 2019).

"When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4P, 2000 WL 1898704 at *2 (Dec. 4, 2000). "The ALJ independently must identify conflicts between the [VE's] testimony and the [DOT]." Pearson v. Colvin, 810 F.3d 204, 209 (4th Cir. 2015). This includes "where the [VE's] testimony seems to, but does not necessarily, conflict with the [DOT]." Id.

In Thomas, all three of the jobs identified by the VE were jobs that required General Educational Development ("GED") Reasoning Level 2, which requires employees to "carry out detailed but uninvolved written or oral instructions . . . ." 916 F.3d at 310-11. The ALJ had assigned plaintiff an RFC that limited him to "short, simple instructions." Id. at 314. The Fourth Circuit held "the conflict between Thomas's limitation to short, simple instructions and the VE's testimony that Thomas could perform jobs that include detailed but uninvolved instructions is as apparent as the conflict we identified in Pearson." Id.

Here, the ALJ limited plaintiff to an RFC where she could only perform "simple and routine tasks." (Tr. 25). However, the VE in this case testified plaintiff could hold three jobs with GED

5

Reasoning Level 2, which requires a person "to carry out detailed but uninvolved written or oral instructions." See Thomas, 916 F.3d at 311, 314; (M&R (DE 31) at 30-31). The court sees no meaningful distinction between short, simple instructions and simple and routine tasks. Indeed, the Fourth Circuit previously recognized a conflict between "carry[ing] out detailed instructions" and "be[ing] able to complete simple tasks" when resolving discrepancies in medical opinion testimony. Sizemore v. Berryhill, 878 F.3d 72, 77 (4th Cir. 2017). It is incumbent on the ALJ to explain how he resolved this conflict.

The court does not reach the issues of the ALJ's evaluation of plaintiff's subjective testimony regarding symptoms or plaintiff's RFC. In light of the Fourth Circuit's recent decision in Thomas, this case is remanded to defendant for further proceedings consistent with this order.

## CONCLUSION

Based on the foregoing, and upon de novo review of the administrative record, the court REJECTS the recommendation in the M&R, GRANTS plaintiff's motion for judgment on the pleadings, (DE 18), DENIES defendant's motion for judgment on the pleadings, (DE 24), and REMANDS this matter to defendant, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings in accordance with this order. The clerk is DIRECTED to close this case.

SO ORDERED this the 20th day of March, 2019.

LOUISE W. FLANAGAN
United States District Judge