IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-548-FL

| | | |
|---|---|---|
| LAURA G. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (DE 35). The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons noted, plaintiff's motion for attorney's fees is denied.

## BACKGROUND

Plaintiff commenced the instant matter on October 27, 2017, by motion to proceed in forma pauperis, with proposed complaint seeking judicial review of the denial of her Title II application for a period of disability and disability insurance benefits. On January 12, 2018, defendant filed an answer seeking this court to affirm of the denial decision. On January 17, 2018, the court directed the parties to file motions for judgment on the pleadings within 60 days of the court's order. (Scheduling Order (DE 14) ¶¶ 2, 3). After several extensions of time, plaintiff filed her motion on April 18, 2018, and defendant filed his motion on July 17, 2018. Thereafter, the court referred the matter to U.S. Magistrate Judge James E. Gates, for a memorandum and recommendation ("M&R") on the cross-motions for judgment as a matter of law.

On February 11, 2019, Judge Gates entered M&R recommending that plaintiff's motion for judgment on the pleadings be denied, defendant's motion be granted, and the matter be dismissed. Shortly, after Judge Gates entered his M&R, the Fourth Circuit designated <u>Thomas v. Berryhill</u> a published opinion, making it binding precedent on this court. <u>See</u> 916 F.3d 307, 309 (4th Cir. 2019). On February 25, 2019, plaintiff raised several objections for the court consider in its de novo review of the M&R, including a challenge under <u>Thomas</u>. Crediting plaintiff's argument, the court granted plaintiff's motion for judgment on the pleadings, denied defendant's motion for judgment on the pleadings, and court remanded the case to defendant for further consideration in light of <u>Thomas</u>. The court did not reach the other issues addressed in the M&R.

The instant motion for attorney fees under the EAJA followed, supported by a memorandum of law, fee contract, timesheet and EAJA calculations, and consumer price index data. Defendant opposes the motion on the bases that he was substantially justified in his administrative and litigation positions, and that awarding plaintiff attorney's fees in the instant case would be unjust.

## DISCUSSION

A.   Standard of Review

The EAJA provides for an award of reasonable attorney's fees and expenses in accordance with the following provision:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was <u>substantially justified</u> or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). In addition, the statute provides:

2

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . . The party shall also allege that the position of the United States was <u>not substantially justified</u>. Whether or not the position of the United States was <u>substantially justified</u> shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

<u>Id.</u> § 2412(d)(1)(B) (emphasized). "'[P]osition of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." <u>Id.</u> § 2412(d)(2)(D).

Although the phrase "substantially justified" is not defined in the statute, the Supreme Court has interpreted the phrase to mean "justified to a degree that could satisfy a reasonable person." <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988). "[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." <u>Id.</u> at 566 n.2. The phrase, thus, does not connote "'justified to a high degree,' but rather 'justified in substance or in the main.'" <u>Id.</u> at 565. As such, the standard is comparable to one that is "satisfied if there is 'a genuine dispute,'" or "if reasonable people could differ as to the appropriateness of the contested action." <u>Id.</u> "The United States has the burden of showing that its position was substantially justified." <u>United States v. 515 Granby, LLC</u>, 736 F.3d 309, 315 (4th Cir. 2013).

"[W]hen determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." <u>Roanoke River Basin Ass'n v. Hudson</u>, 991 F.2d 132, 139 (4th Cir. 1993). "[M]erits decisions in a litigation, whether intermediate or final . . . obviously must be taken into account both by a district court in deciding whether the Government's position, though ultimately rejected on the merits, was substantially justified, and by a court of appeals in later

reviewing that decision for abuse of discretion." EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir. 1994).

B. Analysis

The government asserts that it was substantially justified at all stages of the proceedings in this case. The court agrees.

In seeking affirmance of the ALJ decision in this case and opposing plaintiff's motion for judgment on the pleadings, the government raised reasonable arguments supported by the record and case law existing at the time. The M&R, which thoroughly considered the parties' arguments and ultimately recommended ruling in favor of the government, demonstrates that "reasonable people could differ as to the appropriateness of the contested" argument. Pierce, 487 U.S. at 565. The court's basis for remanding the case was the Thomas decision, which became binding precedent in the brief interval between issuance of the M&R and plaintiff's objections. Since the court's remand was based on a recent intervening change in controlling law, the applicability of which was unsettled, the government's position in the course of litigation was substantially justified.

**CONCLUSION**

Based on the foregoing, plaintiff's motion for attorney's fees (DE 35) under the EAJA is DENIED.

SO ORDERED, this the 2nd day of December, 2019.

LOUISE W. FLANAGAN
United States District Judge